**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAO CHENG, | No. 16-70461 |
| Petitioner, | Agency No. A201-039-630 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2019[**]
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,[***] District Judge.

Yao Cheng, a native and citizen of China, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing his appeal from the order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

of an Immigration Judge ("IJ") denying an application for asylum.[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the BIA's adverse credibility determination. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (stating standard of review). In his asylum statement, Cheng claimed that he converted to Christianity because he was searching for a new spiritual pursuit. However, at his hearing, he claimed that he became a Christian by chance after attending his aunt's church gatherings and that his conversion was not motivated by any spiritual needs. *See Enying Li v. Holder*, 738 F.3d 1160, 1163 n.1 (9th Cir. 2013) (stating that inconsistencies about an applicant's religious background "strike at the heart" of a religious persecution claim); *Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Cheng also initially testified and submitted evidence that his mother paid his bond to secure his release from detention in China. But Cheng later claimed that his father paid his bail, and the payment receipt he submitted listed his father as the payor. *See Ren v. Holder*, 648 F.3d 1079, 1089

---

[1] Cheng had also applied for withholding of removal and protection under the Convention Against Torture ("CAT"). The BIA found that Cheng waived his challenge to the IJ's denial of withholding of removal and CAT protection, and Cheng does not challenge that determination in his petition for review.

(9th Cir. 2011) ("[E]ven minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination."). Because these inconsistencies are sufficient to support the adverse credibility determination, we need not consider the remaining ground relied on by the BIA. *See Shrestha*, 590 F.3d at 1039-40.

2.      To qualify for asylum, an applicant must show past persecution or a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). In the absence of the testimony found not credible, Cheng did not meet this burden. The documentary evidence describes only a minor injury to his back after being detained and interrogated. That does not compel a finding of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (finding that a brief detention, interrogation, and beating did not compel a finding of past persecution). Nor did any non-testimonial evidence compel a finding that Cheng reasonably feared future persecution on a protected ground.

**PETITION FOR REVIEW DENIED.**